No. 16.—Lovick P. Hodnett, plaintiff in error, *vs.* William V. Tatum, defendant.

[1.] Where a payment of money is made to the *authorized agent* of the principal, it is, in law, equivalent to a payment made to the principal himself.

[2.] The principal cannot, of his own mere authority, ratify the acts of his agent in part, in regard to a particular transaction, and repudiate them as to the rest. He must either adopt the whole or none.

Assumpsit, in Troup Superior Court. Tried before Judge Hill, May Term, 1850.

In May, 1844, the plaintiff in error, Lovick P. Hodnett, gave his promissory note to the defendant in error, Wm. V. Tatum, for seven hundred and twenty-five dollars. Hodnett resided in Georgia and Tatum in the State of Alabama.

On the trial in the Court below, it was in evidence, that some

time after the note became due, to wit : in May, 1844, Tatum sent one Jeremiah A. Spencer, as his agent, to Hodnett, to collect of him a portion of the note, giving Spencer a blank order, to be by him filled with the sum that Hodnett should pay him, and the order thus filled, to be left with Hodnett as a receipt from Tatum. Spencer received of Hodnett four hundred dollars in bills on Alabama banks, which at this time, were at a discount, generally, of some ten or twelve per cent. though receivable at par in payment of State tax, and sometimes received at par by merchants. Spencer received the money from Hodnett at par, and filled the order accordingly. On the same day that Spencer, the agent, received the money from Hodnett, he paid it over to Tatum, who objected to receiving it at par. Spencer then informed him, that if he was not willing to receive it at par, he should return it to Hodnett. Tatum refused to return the money, and also refused to receive it at par, and entered it on the note, as received at ten per cent. discount. The balance of the note had been paid off.

The discount on the $400 constituted the subject matter of litigation in the Court below.

The Court charged against the defendant, Hodnett, in the Court below, and the Jury returned a verdict accordingly.

The defendant, by his counsel, moved for a new trial on the grounds—

1st. Because the Court erred in not charging the Jury, that if Spencer received the money on Alabama banks, as agent for plaintiff, without objections, and receipted Hodnett, or filled out the order at par value, that plaintiff was bound by such act of his agent.

2d. Because the Court erred in charging the Jury, that plaintiff had a right to receive the money of his agent and retain it at the customary discount, without offering to return it to defendant, or giving him notice of his unwillingness to receive it at par value.

3d. Because the Court erred in charging the Jury, that plaintiff, if he objected to receiving the money at par, was not bound to return it to defendant.

4th. Because the verdict of the Jury was contrary to the evidence.

The Court overruled the motion for a new trial on all the grounds taken, and counsel for defendant excepted.

HILL and WILKES, for plaintiff in error.

STEPHENS, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The only question in this case is, whether Tatum was bound by the act of his agent, Spencer, in receiving the Alabama money at *par value.* The money was received by Spencer, the special agent of Tatum, from Hodnett, at its par value, and by Spencer paid over to Tatum, with a knowledge that it was so received from Hodnett.

Spencer was the agent of Tatum, to receive the payment of the money due on Hodnett's note, and he received four hundred dollars in Alabama money, *without objection,* which, according to the written order given by Tatum to Hodnett, requesting him to pay the money to Spencer his agent, was to be credited on his, (Hodnett's) note.

The payment to Spencer, the agent of Tatum, by Hodnett, was, in law, equivalent to the payment of the money by Hodnett to Tatum himself. The payment to the authorized agent of Tatum, was, in law, a payment to him. *Story's Agency,* 126. 2 *Kent's Com.* 629. Besides, the money was paid by Spencer to Tatum, who received it, knowing it was received from Hodnett at par value, and of his own mere authority, credited on the note at *ten per cent. discount.*

[2.] The principal cannot, of his own mere authority, ratify the transaction of his agent in part, and repudiate it as to the rest; he must either adopt the whole, or none. *Story's Agency,* 245, §250. If he did not intend to ratify the act of his agent in receiving the Alabama money, he ought to have returned it within a reasonable time, and not have retained it upon his own *arbi-*

*trary terms.* When a principal, with a knowledge of all the facts, adopts the acts of his agent, he cannot afterwards impeach his conduct. *Cairnes & Lord vs. Bleuker*, 12 *John. Rep.* 305. We are of the opinion that the principal was bound by the act of his agent, in receiving the money in this case, and especially is he so bound, after receiving the money from his agent and retaining it.

Let the judgment of the Court below be reversed.